# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISON

| | |
|---|---|
| **STEPHANIE BREWER,** | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | |
| | Case No. _____ |
| v. | |
| **METHOD TEST PREP, INC.,** **FRANK MCWILLIAMS,** individually, **BRAIN ZEIGLER,** individually, and **TOM EHLERS,** individually, | **JURY TRIAL REQUESTED** |
| Defendants. | |

## INTRODUCTION

1. Plaintiff Stephanie Brewer worked in Colorado for Defendants' standardized test preparation service for approximately three years under an employment contract governed by New York law but with Georgia court venue and jurisdiction provisions.

2. In addition to misclassifying her as exempt and failing to pay her time and a half for her overtime work, Defendants also failed to pay Plaintiff at the end of her employment for her due and owing earned wages including commissions, base pay, unused vacation time, and reimbursable expenses.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

3. In addition to federal law, New York law applies. Under New York state wage law, Plaintiff is entitled to recover her unpaid wages regardless of whether minimum wage or overtime laws were implicated (even if she were a salaried employee exempt from overtime). New York also has statutory law for how commissioned salespeople are to be paid, a longer statute of limitations period than federal law, and various wage notice requirements.

4. Colorado's state wage laws would also apply since her labors occurred within its borders. Colorado law similarly has wage protections additional to those existing under federal law including, but not limited to, unpaid wage provisions.

5. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants Method Test Prep, Inc., ("MTP"), and its owners and day-to-day mangers Frank McWilliams ("McWilliams"), Brian Zeigler ("Zeigler"), and Tom Ehlers ("Ehlers") (corporate and individuals collectively as "Defendants"), to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq*. (hereinafter, "NYLL") and/or and the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 2

C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq*. of the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

8. Venue lies with this Court pursuant to a contractual agreement between the parties in which, as further explained below, Defendants' employment agreement requires this resident of Colorado Plaintiff to file this FLSA and NYLL action in the Federal Courts of Georgia.

## PARTIES

### Defendant Method Test Prep, Inc.

9. Defendant **Method Test Prep, Inc.** (hereinafter "MTP") is a corporation doing business within the County of Nassau, State of New York, and whose principal place of business is located at 303 Sunnyside Blvd, Suite 20, Plainsville, NY 11803 and/or 137 Willis Ave, Suite 300, Mineola, NY 11501.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 3

10. Its process agent is listed with the New York Department of State as Method Test Prep, Inc., with an address of 7 Michalis Court, West Islip, New York 11795.

11. Defendant MTP operates a standardized testing preparation service, both in person and via online learning, to clients all across the United States.

12. At all relevant times, Defendant MTP had annual gross revenues in excess of $500,000.

13. At all relevant times, Defendant MTP was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. At all times material to this action, Defendant MTP was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

## Defendant Frank McWilliams

15. Defendant **Frank McWilliams** ("McWilliams"), an individual, resides at 201 Carmicheal Court, League City, Texas 77573, Galveston County, upon information and belief.

16. At all times material to this action, Defendant McWilliams actively participated in the business of MTP.

17. At all times material to this action, Defendant McWilliams exercised substantial control over the functions of MTP's employees including

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 4

Plaintiff.  Defendant McWilliams set Plaintiff's pay scheme, was one of her day-to-day managers, and participated in her termination.

18. In addition, Defendant McWilliams is a co-owner of MTP and as such has the ability to hire, fire, set rates of pay, and manage all employees, including Plaintiff.

19. At all times material to this action, Defendant McWilliams was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Brian Zeigler**

20. Defendant **Brian Zeigler** ("Zeigler"), an individual, resides in the State of Colorado, County of Denver, upon information and belief.

21. At all times material to this action, Defendant Zeigler actively participated in the business of MTP.

22. At all times material to this action, Defendant Zeigler exercised substantial control over the functions of MTP's employees including Plaintiff. Defendant Zeigler was one of Plaintiff's day-to-day managers, and participated in her termination.

23. In addition, Defendant McWilliams is a co-owner of MTP and as such has the ability to hire, fire, set rates of pay, and manage all employees, including Plaintiff.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 5

24. At all times material to this action, Defendant McWilliams was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

## Defendant Tom Ehlers

25. Defendant **Tom Ehlers** ("Ehlers"), an individual, resides at 7 Michalis Court, West Islip, New York 11795, County of Nassau, upon information and belief.

26. At all times material to this action, Defendant Ehlers actively participated in the business of MTP.

27. At all times material to this action, Defendant Ehlers exercised substantial control over the functions of the company's employees including Plaintiff. Defendant Ehlers hired Plaintiff, manages the day-to-day business affairs of MTP, and participated in her termination.

28. In addition, Defendant Ehlers is a co-owner of MTP and as such has the ability to hire, fire, set rates of pay, and manage all employees, including Plaintiff.

29. At all times material to this action, Defendant McWilliams was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

## Plaintiff Stephanie Brewer

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 6

30. Plaintiff **Stephanie Brewer** is a resident of Morrisson, Colorado, which is in Jefferson County.

31. At all times material to this action, Plaintiff Brewer was an "employee" within the meaning of 29 U.S.C. § 203(e).

## BACKGROUND FACTS

32. Plaintiff Stephanie Brewer worked for Defendants from in or around December 2012 to August 27, 2015.

33. Plaintiff's title was Senior Account Executive.

34. Functionally, her role was that of a customer service representative and inside salesperson.

35. Plaintiff worked out of her home, but she was "based" out of MTP's New York office.

36. At the commencement of her employment, Defendant MTP required Plaintiff to sign an "Employment Covenants Agreement" (hereinafter "Agreement").  Annexed hereto as Exhibit A is a true and accurate copy of said agreement.

37. As part of this agreement, Defendants required Plaintiff, a Colorado resident, to file any action to enforce the Agreement in a Georgia court of competent jurisdiction.  Further, Defendants conditioned the ability to sue on the application of New York law.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 7

38. As such, this Colorado residing Plaintiff has sued the New York domestic corporation and its owners and day-to-day managers, in a Georgia court, looking to enforce the Agreement utilizing New York law.

39. While working for Defendants, Plaintiff Brewer's pay scheme was a salary plus commissions.

40. Plaintiff Brewer's compensation consisted of a base salary, commissions on sales, and a yearly bonus. Plaintiff was also entitled to reimbursements for various expenses.

41. More specifically, at the time of her separation Plaintiff's compensation consisted of: $42,000.00 yearly salary; 25% commission on new sales; 5% commission on renewal sales; a "bonus" of $20 per school that registered in Defendants "Usage Contest", and two weeks of paid vacation.

42. Commissions and "bonuses" were earned when Plaintiff presented a signed purchase order to Defendants.

43. Defendants, in direct contravention of New York Law, failed to memorialize Plaintiff's commission and compensation structure in writing at the commencement of her employment.

44. Article 6 of the New York State Labor Law specifically requires that a commissioned salespersons' pay must be memorialized in a writing signed

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 8

by both the employer and the employee.  The agreement must also contain, at a minimum, the following:

    a.  a description of how wages, salary, drawing accounts, commissions, and all other monies earned and payable will be calculated;

    b.  how often the employee will be paid;

    c.  the frequency of reconciliation;

    d.  any other details pertinent to the payment of wages, salary, drawing accounts, commissions, and all other monies earned and payable when the employment relationship ends; and,

    e.  the procedure for distributing earned and unearned commission upon termination and/or separation.

45. Further, New York Law requires that employers keep written commission agreement, signed by both parties, for a period of no less than three years.

46. Upon an employer's failure or inability to comply with a lawful request for production of said agreement, the law must presume that the commissioned salesperson's version of the agreed upon terms is correct.

47. Shortly after her termination, Plaintiff demanded from Defendants her then due and owing compensation, including salary, commissions, unused vacation time, and bonuses.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 9

48. Defendants refused to pay Plaintiff her owed compensation, instead demanding that Plaintiff to accept a lower amount or nothing at all. Plaintiff rejected Defendants' strong-arm tactics.

49. While working in this capacity, Plaintiff Brewer was not expected to record her time worked.

50. Plaintiff Brewer generally worked from Monday through Friday from 7:00 a.m. to 5:00 p.m.

51. Brewer estimates that generally she worked approximately 50 hours per week.

52. Plaintiff Brewer was not paid at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

53. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

54. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 10

violation of the FLSA.

### Failure To Pay Minimum Wage

55. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of the FLSA.

### Unpaid Wages

56. Plaintiff was paid by her employer less than the wage to which she was entitled is in violation of NYLL § 663.

57. The Defendant effectively made deductions from the wages of Plaintiff other than those authorized under NYLL § 193.  See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10.

### Late Payments

58. On at least some occasions, Plaintiff did not receive her paychecks on the prescribed paydays.

59. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### Record-Keeping Failures

60. At all relevant times, Defendant failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of

**ANDERSON**DODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 11

Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

61. Defendant had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

62. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

63. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

64. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Employee Commissioned Salesman Wages*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 12

66. Plaintiff was a "commission salesperson" employee. NYLL §§ 191(c), 193.

67. Defendants failed to pay Plaintiff the wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned.

68. Defendants failed to furnish Plaintiff, upon written request, a statement of earnings paid or due and unpaid.

69. The agreed terms of employment were not reduced to writing, signed by both the employer and the commission salesperson, kept on file by the employer, including a description of how wages, salary, drawing account, commissions and all other monies earned and payable shall be calculated, and details pertinent to payment of monies earned and payable in the case of termination of employment by either party.

70. The terms of the agreement were, as described above, Plaintiff would sell Defendants' test preparation product, and in return Defendants would provide Plaintiff with the following: $42,000 annual salary, 25% commission on new sales, 5% commission on renewal sales, $20 "bonus" for all school that signed up for Defendants "Usage Contest", and two weeks of paid vacation.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 13

71. Plaintiff earned commissions and bonuses upon the presentation to Defendants of a signed purchase order.

72. Defendant breached the terms of this agreement by failing to pay Plaintiff, upon her separation or anytime thereafter, for all earned commissions, bonuses, salary, and accrued vacation.

## *Failure to Provide Wage Notices*

73. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b).

## *Record-Keeping Failures*

74. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 14

contravention of NYLL § 661.

75. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

76. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

## Unpaid Leave Time Pay-Out

77. Upon Plaintiff's separation, Defendants failed to pay her all accrued paid leave time to which she was entitled.

78. Defendants failed to notify Plaintiff in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

## Willfulness and Damages

79. Defendants willfully violated the rights of Plaintiff by failing to pay her for all of the compensation she earned.

80. Due to Defendants' New York Labor Code violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 15

§ 663(1).

### As And For A Third Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

81. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

82. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2). Defendants employed Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good real estate, wares or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A).

83. Plaintiff was Defendant's "employee" as that term is defined by the Wage Order because she performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 et seq.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

84. By failing to pay her altogether for some portion of her employment, the Defendants failed to pay Plaintiff at a rate at or above the applicable

*ANDERSONODSON, P.C.*
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 16

minimum wage rate for all hours worked in the workweek.

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

85. Plaintiff worked more than 40 hours at least some workweeks.

86. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

87. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

88. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to her and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

89. Defendants violated the Colorado Minimum Wage of Workers Act ("CMWWA") as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek. 7 C.C.R. §1103-1(4).

90. For any and all time worked by all Plaintiff, or to be credited to Plaintiff during a workweek, Plaintiff is entitled to pay at her regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek.

### *Failure to Pay Wages*
**(Violation of the C.R.S. § 8-6-101 et seq.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 17

91. As alleged above, the Defendants failed to pay Plaintiff her earned wages including base pay, commission, vacation and bonuses.

## Failure to Pay Wages Via Negotiable Instrument
**(Violation of the CMWWA, C.R.S. §§ 8-4-102)**

92. Defendants failed to pay Plaintiff via an instrument negotiable and payable upon demand without discount.

93. Defendants failed to pay Plaintiff via an instrument negotiable and payable upon demand; at the time of the issuance of same, the maker or drawer did not have sufficient funds in or credit with the bank or other drawee for the payment of same.

**94.** Specifically, Defendants failed to pay the Plaintiff her earned wages and placed on her a requirement to litigate any claims related to her employment hundreds of miles away in Georgia, under New York law.

## Willful Failure to Respond to Wage Demand
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

95. Plaintiff sent Defendant a wage demand letter pursuant to C.R.S. § 8-4-109.

96. In that Colorado Wage Demand letter, Plaintiff demanded her unpaid wages.

97. Defendants did not respond to Plaintiff's demand.

98. More than 14 days have passed since Defendants received Plaintiff's wage demand letter and no wages have been tendered.

99. Therefore, the Defendants are liable to Plaintiff for an additional 125% of

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 18

the amount demanded (which is below $7,500) plus 50% of the amount over $7,500.

100.     Further, Defendant's failure to pay was willful. Therefore, the penalty shall increase by an additional 50%.

### Denial of Mandatory Rest Periods
**(Violation of the CMWWA, C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1)**

101.     Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

102.     Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

### Late Payments
**(Violation of the CMWWA, C.R.S. §§ 8-4-103)**

103.     Defendants did not pay Plaintiff all wages and compensation on regular pay periods of no more than the greater of one calendar month or thirty days, with paydays no later than 10 days after the close of the pay period, and the Plaintiff and Defendant did not mutually agree on any other

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 19

alternative period of wage or salary payments.

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

104.     Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the required information, including but not limited to: daily record of all hours worked.

### *Damages*

105.     Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages she is owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT/UNJUST ENRICHMENT

106.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

107.     Plaintiff and Defendants had an actual employment agreement and an implied employment contract regarding they payment of salary, commissions, and bonuses

108.     Plaintiff agreed to perform certain functions for Defendants, in

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

exchange for certain compensation.

109.     Specifically, Defendants agreed to pay Plaintiff a $42,000 yearly salary, 25% commission on new sales, 5% commission on renewal sales, $20 "bonus" for all school that signed up for Defendants "Usage Contest", and two weeks of paid vacation.  Plaintiff earned commissions and bonuses upon the presentation to Defendants of a signed purchase order.

110.     By failing to pay Plaintiff these amounts Defendants breached their contract of employment with Plaintiff.

111.     In the alternative, were a contract not found to exist, by withholding monies that rightfully belong to Plaintiff, Defendants have been unjustly enriched.  Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from to her, and other appropriate damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law or Colorado law;

(B)     Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)     Award Plaintiff liquidated damages pursuant to NYLL § 663;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 21

(D)    Award Plaintiff penalties pursuant to Colorado Wage Act, C.R.S. §§ 8-4-109, -110

(E)    Award Plaintiff interest;

(F)    Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)    Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27th** day of **June, 2016.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiff

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 22

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the requirements of Local Rule 5.1(C) by using Times New Roman, 14 point.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Brewer v. Method Test Prep*
NDGA, Atlanta Division

Complaint
Page 23