# Exhibit A

SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement"), is effective as of December 22, 2016 by and between Stephanie Brewer (hereinafter "Employee") and Method Test Prep, Inc. (hereinafter "MTP" or "Company") and Frank McWilliams, Bryan Ziegler, and Tom Ehlers.  The Company and McWilliams, Ziegler, and Ehlers may sometimes be referred to herein collectively as the Employer.   Employer and Employee may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

W I T N E S S E T H:

WHEREAS, Employee previously worked for Company;

WHEREAS, a dispute arose between Employee and Company regarding compensation;

WHEREAS, Employee claims she is owned monies relating to unpaid wages, commissions, and overtime;

WHEREAS, on or about June 29, 2016, Employee initiated a lawsuit against Employer in the United States District Court for the Northern District of Georgia, Atlanta Division, such case being styled *Brewer v. Method Test Prep, Inc. et al,* Civil Action File Number 1:16-cv-02331-MHC (the "Lawsuit"); and,

WHEREAS, Employee and Employer wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW THEREFORE, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Employee and Employer hereby agree as follows:

I.  <u>Payment and Consideration</u>:

    A.  ***Amount***:  In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, Employer agrees to issue the following payments, totaling $34,000.00:

        1.  the gross amount of $10,832.93 subject to the issuance of a Form 1099, payable to <u>Stephanie Brewer</u> for alleged back wages; and  the gross amount of $10,832.93, payable to <u>Stephanie Brewer</u>, for liquidated damages and/or interest allegedly owed on alleged<u>y unpaid back wa</u>ges, subject to the issuance of a  Form 1099 for non-wage income; and

2. the **gross amount of** $12,334.14 for litigation expenses, costs, and attorneys' fees, payable to **AndersonDodson, P.C.**, subject to the issuance of a Form 1099, consisting of $11,666.24 in attorney fees and $667.90 in litigation costs and expenses.

B. *Delivery*.  Payment may be made by any of the following means:

1. ACH payment online in response to an invoice electronically sent to Employer or their counsel upon request.  Such moneys shall be received into Employee's counsel's trust account and disbursed by the firm as appropriate.  Any withholdings should be itemized in the form of a pay stub or similar document.

2. Checks, cashier's checks or money orders sent to:
   Penn Dodson, Esq.
   AndersonDodson, P.C.
   11 Broadway, Suite 615
   New York, NY 10004

3. *Timing.*  The payments described above shall be received within ten (10) calendar days of the Court's approval of the settlement or stipulation, as more fully described below.

II. <u>Additional Consideration by The Parties:</u>

A. *References/Employment Inquiries.*   Employer agrees to provide neutral references for Employee in accordance with the terms of this section. Employee shall refer any requests for employment references by potential employers to MTP's Senior Vice President, Frank McWilliams.   Employer agrees that any employment inquiries or reference requests which are directed to it shall at most state dates of employment and positions held.

B. *Mutual Nondisparagement*.  Employee and Employer agree that they will not disparage each other to third parties.

C. *Waiver of Reemployment.*   Employee covenants that she will never knowingly apply for or accept employment with Company, or its corporate subsidiaries, parents, or affiliates.  Employee acknowledges and agrees that in the event that she applies for employment with any of these entities, such application shall constitute a breach of this Agreement, and such breach shall be a legitimate, non-discriminatory and non-retaliatory reason for any

refusal to hire her.  Employee further acknowledges and agrees that in the event that she is mistakenly hired by any of these entities, such acceptance of employment shall constitute a breach of this Agreement, and such breach shall be a legitimate, non-discriminatory and non-retaliatory reason for her termination, without cause, without notice, and without recourse available to her against these entities.  Employee further agrees that she will not assert, file or prosecute any charge or claim against Employer  based on this Section.

## III. Dismissal of Action

A. Upon full execution of this Agreement, the parties agree that Employee's counsel will cause to be filed with the Court a Motion to Approve Settlement, such as attached hereto as Exhibit A, and/or any other documents needed to obtain settlement approval.

B. Should the Court not approve the settlement, the Parties agree that they will attempt to cure any deficiencies or concerns raised by the Court. However, should that not be possible, the Parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on December 22, 2016.

C. Upon approval of the settlement and full payment received, Employee's counsel will cause to be filed with the Court a Stipulation of Dismissal, such as attached hereto as Exhibit B, and/or any other documents needed to obtain closure of the Lawsuit.

D. Employee agrees to the dismissal of the Lawsuit with prejudice, subject only to Employer's satisfaction of all their obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

## IV. Confidentiality

A. The parties acknowledge that settlement of claims brought pursuant to the Fair Labor Standards Act requires approval by the Court and that the Court may require that this Agreement be part of the record for the Lawsuit. For purposes of obtaining judicial approval, it is understood that the Court may require the agreement to be made available for in camera review or to be filed via Electronic Court Filing ("ECF").

B. However, the Parties agree that no Party shall affirmatively seek public

disclosure of this Agreement or its contents.  The Parties and their respective attorneys and representatives agree to keep confidential and not to disclose information concerning the terms of this Agreement and the sums and benefits paid as consideration thereof, to any person, persons or organization including, but not limited to, a statement, written or oral, to any person, newspaper, magazine, radio or television station except as required by law or specified herein.  Nothing contained herein shall be construed to prevent the disclosure of the amount and terms of settlement to the Parties' accountants, auditors, financial advisors, immediate family members, attorneys, tax authorities, or to any regulatory agency or court when required by law or court order to do so.  However, the Parties agree that any individuals to whom disclosure is made will likewise keep confidential and not disclose the information provided to them.

C.   The parties agree that the injury caused to Employer by Employee's breach of this covenant would be difficult or impossible to accurately determine.  Therefore, should Employee breach this covenant of non-disclosure, Employee agrees to pay to Employer as liquidated damages, and not as a penalty, the sum of Three Thousand Dollars ($3,000.00).  The parties stipulate that this sum is a reasonable pre-estimate of the probable loss that Employee's breach of this covenant of non-disclosure would cause to Employer.  Employer may also request injunctive relief from a court of competent jurisdiction in the event Employee breaches this covenant.

D.   Should the Court condition approval of this settlement on there being no confidentiality provision, the parties agree that this section (IV) shall be stricken in its entirety and have no force or effect.

## V.  Release

A.   For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Employee knowingly and voluntarily releases and forever discharges Employer from any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Employee ever had or now has against the Employer, including but not limited to claims arising from:

1. the Lawsuit;

2. all claims for overtime, minimum wage, and any other claims for wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, New York Labor Law Minimum Wage Act ("NYLL"); or the Colorado Minimum Wage Act;

3. all correlative common law claims associated with nonpayment or underpayment of wages including, but not necessarily limited to, breach of contract, unjust enrichment, or other similar claims.

B. Conversely, Employer releases and forever discharges Employee from any and all obligations, claims, demands, actions or causes of action related to her former employment as it pertains to any issue that was raised in the Lawsuit.

## VI. Miscellaneous:

A. ***Governing Law & Jurisdiction.***  This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.  The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the court in which the Lawsuit was brought, i.e. the United States District Court, Northern District of Georgia.  However, should that court decline jurisdiction, the Parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the State of Georgia and any proceedings raised shall take place in Georgia courts.

B. ***Effective Date.***  This Agreement shall be effective and enforceable upon the date stated in the first (1st) paragraph of this Agreement. The parties acknowledge that upon execution of this Agreement by Employee and Employer, it will be binding upon Employee and Employer and is irrevocable.  Employer further acknowledges that this provision does not abrogate its duty to issue payment to Employee pursuant to the provisions regarding consideration above.

C. ***Entire Agreement.***  This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this document governs.

D. **Severability**.  Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

E. **No Admission of Liability**.  It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace.

F. **Taxes**.  With respect to the payment to Employee for liquidated damages and/or interest allegedly owed on allegedly unpaid back wages, Employee has requested that Employer not withhold taxes from the settlement proceeds, but rather issue a Form 1099 to Employee for such payments.  Employee has not relied on Employer or Employer's counsel for tax advice.  Employee agrees she is solely responsible for all state, federal and local taxes, if any, with regard to any payments made hereunder.   Further, with respect to the payments for liquidated damagaes and/or interest allegedly owed on allegedly unpaid back wages, Employee agrees to indemnify and hold harmless Employer for any tax liability and penalties incurred by Employer as a result of this Agreement or the payments hereunder.

G. **Knowing And Voluntary Waiver And Release**:   The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his or her own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

H. **Representations**.  As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement;

(b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

I.  **Modification**.   This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with Georgia law.

J.  **Interpretation**.   Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

K.  **Additional Documents and Responsibilities**.   The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Agreement, especially impose any additional costs, expenses, or obligations on any party.

L.  **Binding Agreement**.   This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

M.  **Counterparts and Facsimile Signatures**.   This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such.   The parties agree that a faxed or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by fax or pdf attachments to emails.

N.  **Headings**.   Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

O.  **Defined Terms**.   Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

P.  **Pronouns**.   Wherever appropriate in this Agreement, personal pronouns

shall be deemed to include the other gender and the singular to include the plural.

Q. **Notices**.   Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below.   Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| Party | Address | Copy to: |
|---|---|---|
| Employer | Method Test Prep, Inc.<br>303 Sunnyside Blvd, Unit 2<br>Plainview, NY 11803 | Michelle W. Johnson, Esq.<br>Nelson Mullins Riley &<br>Scarborough, LLP<br>201 17th Street NW,<br>Suite 1700<br>Atlanta, GA 30363 |
| Employee | Stephanie Brewer<br>22456 Cook Lane<br>Morrison, CO 80465 | Penn A. Dodson, Esq.<br>AndersonDodson, P.C.<br>11 Broadway<br>Suite 615<br>New York, NY 10004 |

R. **Time is of Essence.**  TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

IN AGREEMENT HERETO,  Employee and Employer execute this Agreement.

_____         _____

Stephanie Brewer                                      Date

_____        _____
[INSERT NAME]                          Date
For Method Test Prep, Inc.


_____        _____
Frank McWilliams                       Date
In his Individual Capacity


_____        _____
Bryan Ziegler                          Date
In his Individual Capacity


_____        _____
Tom Ehlers                             Date
In his Individual Capacity

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE BREWER, | |
| | |
| Plaintiff, | |
| | Case No. 1:16-cv-02331-MHC |
| v. | |
| | |
| METHOD TEST PREP, INC., FRANK McWILLIAMS, individually, BRIAN ZEIGLER, individually, and TOM EHLERS, individually, | |
| | |
| Defendants. | |
| | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for the parties in the above-captioned action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is discontinued, with prejudice, and without fees or costs to any party as against the other.  Each party shall bear their or its own costs and attorneys' fees.

This stipulation may be filed without further notice with the Clerk of the Court.

Respectfully submitted,


_____

Michelle W. Johnson
Georgia Bar No. 759611
Nelson Mullins Riley & Scarborough, LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363

*Attorneys for Defendants*


Dated: _____


_____

Penn A. Dodson
Georgia Bar No. 224494
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004

*Attorneys for Plaintiff*


Dated: _____



SO ORDERED:


_____

U.S.D.J

Dated: _____

_____          _____1/13/2017_____
[INSERT NAME]                              Date
For Method Test Prep, Inc.


_____          _____
Frank McWilliams                           Date
In his Individual Capacity


_____          _____
Bryan Ziegler                              Date
In his Individual Capacity

_____          _____1/13/2017_____
Tom Ehlers                                 Date
In his Individual Capacity

_____          _____
[INSERT NAME]                      Date
For Method Test Prep, Inc.


_____          _____
Frank McWilliams                   Date
In his Individual Capacity


_____          _____
Bryan Ziegler                      Date  1/16/17
In his Individual Capacity


_____          _____
Tom Ehlers                         Date
In his Individual Capacity

shall be deemed to include the other gender and the singular to include the plural.

Q. **Notices.**   Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below.   Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| Party | Address | Copy to: |
|---|---|---|
| Employer | Method Test Prep, Inc.<br>303 Sunnyside Blvd, Unit 2<br>Plainview, NY 11803 | Michelle W. Johnson, Esq.<br>Nelson Mullins Riley &<br>Scarborough, LLP<br>201 17th Street NW,<br>Suite 1700<br>Atlanta, GA 30363 |
| Employee | Stephanie Brewer<br>22456 Cook Lane<br>Morrison, CO 80465 | Penn A. Dodson, Esq.<br>AndersonDodson, P.C.<br>11 Broadway<br>Suite 615<br>New York, NY 10004 |

R. **Time is of Essence.**  TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

IN AGREEMENT HERETO,  Employee and Employer execute this Agreement.

_Stephanie Brewer_                              _1-19-2017_
Stephanie Brewer                              Date

[INSERT NAME]
For Method Test Prep, Inc.

1-16-2017
Date

Frank McWilliams
In his Individual Capacity

1-16-2017
Date

Bryan Ziegler
In his Individual Capacity

Date

Tom Ehlers
In his Individual Capacity

Date